BENJAMIN C. REDLON v. THE FISH-KECK COMPANY
AND CHARLES B. REDLON.

**No. 229.**

PRACTICE—*Necessary Party — Voluntary Appearance.* Where an action is regularly pending in the district court, and a necessary party to the full determination of the matters in controversy has been made a party defendant and has been duly served or enters his voluntary appearance in said action, the court errs in sustaining a motion to dismiss the action as to said defendant.

Error from Crawford district court; J. S. WEST, judge. Opinion filed August 18, 1898. Reversed.

THIS action was brought in the district court of Crawford county by the plaintiff in error, Benjamin C. Redlon, against the Fish-Keck Company, a corporation, to recover the sum of $500 which he claimed to be a balance due to him from the Fish-Keck Company on account of the sale of cattle by the defendant company as commission merchants.

The defendant Fish-Keck Company appeared, and filed its answer in the form of an affidavit, alleging that it held in its hands and in its possession the sum of $500, arising from the sale of certain cattle which had been shipped to it in the name of one Charles B. Redlon ; that it was engaged in the cattle commission business ; that it received said cattle in the course of such business, and sold them ; that Charles B. Redlon had

theretofore demanded said sum of money from said defendant company, and had threatened to bring suit against it for the same, and that said sum was the same mentioned and demanded in plaintiff's petition. Defendant company alleged further its readiness to pay or dispose of the fund as the court might direct, and prayed for an order of the court that Charles B. Redlon, who claimed an interest in the fund, or to be entitled thereto, be made a party defendant to the action and be required to come in and set up his claim, so that the rights of the parties interested might be ascertained and determined by the court; and said Fish-Keck Company further prayed that, upon its compliance with the orders of the court as to the disposition of the fund, it might be relieved from further liability to either the plaintiff, Benjamin C. Redlon, or to Charles B. Redlon.

Immediately after the filing of this answer, an application was made to the judge of the district court wherein the action was pending for an order that Charles B. Redlon be brought in and joined as a codefendant in the action, and that he file his answer therein or otherwise plead, after being legally notified of the order.

The order was granted as prayed for, and a summons and copy of the order were duly served on Charles B. Redlon.

Upon the service of summons and order upon him, Charles B. Redlon appeared and filed an answer, alleging in substance that the said Fish-Keck Company was justly indebted to him in the sum of $500, with interest thereon from the 26th day of April, 1892, the same being part of the proceeds of eighteen head of steers, which he had shipped to said company for the purpose of sale, and which property had been received

and sold by said company, and that he, Charles B. Redlon, was entitled to the proceeds thereof. And he further alleged that the company had, prior to the institution of this action, filed a petition in the district court of Wyandotte county in this state, in the nature of an interplea, setting up the facts concerning the disposition of said cattle, and averring that it held the sum of $500, which was claimed by Benjamin C. Redlon and also by Charles B. Redlon, and that said company had no interest in the fund in controversy, and had asked the court to require Charles B. Redlon and Benjamin C. Redlon to plead thereto, that it might be adjudged to which of said parties the money belonged ; and praying that said company be indemnified against loss, and that it recover its reasonable costs and expenses therein ; and that said action was still pending when the present action was brought.

Afterwards, upon application of Charles B. Redlon in the suit at bar, he was granted leave to file an amended answer and cross-petition, and an amended answer and cross-petition were filed by him, in which the matters and things were repeated, and in addition thereto certain damages, including attorneys' fees and expenses, were set out, to the amount of $251, and judgment asked therefor.

Afterwards Charles B. Redlon filed his motion in the court below to dismiss the action and discharge him from further appearance therein, for the reasons, (1) that the district court of Crawford had no jurisdiction of the subject-matter, nor of the defendant Fish-Keck company, nor of Charles B. Redlon ; (2) that the order of the court theretofore made and served upon Charles B. Redlon was without jurisdiction, and void ; (3) that the action was brought against a corporation organized under the laws of

this state, whose officers and principal place of business were outside of Crawford county and beyond the jurisdiction of said district court.

The district court sustained this motion, and dismissed the action and all proceedings therein so far as related to the person, property or rights of defendant Charles B. Redlon, and rendered a judgment in favor of Charles B. Redlon and against the plaintiff, Benjamin C. Redlon, for his costs, amounting to $80.30 ; to which decision and judgment the plaintiff, Benjamin C. Redlon, duly excepted.

Benjamin C. Redlon then filed a motion to vacate and set aside the order dismissing the action as to defendant Charles B. Redlon, and asked that said motion be reinstated upon the docket for trial, assigning as reasons, (1) that the action was one in which the court had jurisdiction of the subject-matter involved and of the person of the defendant, Charles B. Redlon ; (2) because the court erroneously decided that it had no jurisdiction of the defendant Charles B. Redlon.   This motion was overruled by the court, and an exception entered.

Afterward a judgment was rendered in the action in favor of plaintiff, Benjamin C. Redlon, and against the defendant Fish-Keck Company, for the sum of $517.50.

The plaintiff and the defendant Fish-Keck Company excepted to said order dismissing the action as to the defendant Charles B. Redlon.   The court afterward set aside the judgment for costs which had been rendered in favor of Charles B. Redlon and against the plaintiff.

Benjamin C. Redlon, plaintiff below, brings the case to this court by petition in error, making the Fish-Keck Company and Charles B. Redlon defend-

ants in error, and alleges, as assignments of error, (1) said district court erred in sustaining the motion of Charles B. Redlon to dismiss said action as to him and discharge him from further apppearance ; (2) said district court erred in deciding and adjudging that it had no jurisdiction of Charles B. Redlon in said action ; (3) said district court erred in dismissing said action in so far as the same affected the person, property or rights of Charles B. Redlon ; (4) said district court erred in overruling, at the June, 1893, term of said court, plaintiff's motion to vacate and set aside the order of dismissal theretofore made herein.

The petition in error herein was filed in the supreme court on the 2d day of December, 1893, praying the reversal of a judgment theretofore rendered by the court below in favor of defendant Charles B. Redlon and against plaintiff, Benjamin C. Redlon, and immediately thereafter the defendant Fish-Keck Company appeared and filed its cross-petition in error (based on the record attached to the petition in error of plaintiff, and making such record a part of its petition), praying for a reversal of the judgment rendered against the defendant company and in favor of plaintiff, Benjamin C. Redlon, by the court below, and also for the reversal of the order and judgment rendered in said cause dismissing the action as to defendant Charles B. Redlon, and alleging the following assignments of error : (1) Said district court erred in dismissing the action of Benjamin C. Redlon as against Charles B. Redlon, thereby leaving this defendant to the double liability of being compelled to account (for the funds which it held) to each of the two claimants thereof, Benjamin C. Redlon, plaintiff in said action and plaintiff in error herein, and Charles B. Redlon, who has been joined as codefendant with this de-

fendant in the action in said district court; (2) said district court erred in adjudging that it had no jurisdiction of the person, property or rights of Charles B. Redlon, and in dismissing the action as to him; (3) said district court erred, at the June term, 1893, thereof, in overruling the motion to vacate and set aside the final order made and entered on the 3d of December, 1892, dismissing the action as to Charles B. Redlon; (4) said district court erred in giving judgment against this defendant, on December 3, 1892, in favor of Benjamin C. Redlon, after having dismissed said action as against defendant Charles B. Redlon.

*Henry G. Webb*, and *Fuller & Randolph*, for plaintiff in error.

*W. C. Webb*, for defendant in error the Fish-Keck Company.

The opinion of the court was delivered by

DENNISON, P. J. : This action was legally pending in the district court of Crawford county. Charles B. Redlon was a necessary party to the full determination of the matters in controversy, and had been regularly served with summons and had entered his voluntary appearance and filed his answer and cross-petition. The court erred in sustaining the motion and dismissing the action as against Charles B. Redlon.

The judgment of the district court is reversed and the cause remanded with instructions to overrule the motion to dismiss the action as to the defendant, Charles B. Redlon, and to grant a new trial.